# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **EMILY ROBERTS, et. al.,** | |
| **Plaintiffs,** | |
| v. | Case No: 08-04167-CV-C-NKL |
| **THE SOURCE FOR PUBLIC DATA LP, et. al.,** | |
| **Defendants.** | |

# ORDER

The Court has received Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed on April 30, 2010, and attached thereto, the Class Action Settlement Agreement (the "Settlement Agreement"), between Plaintiffs Emily Roberts and Sarah Smith ("Plaintiffs") and Corporate Defendants Shadowsoft and Source for Public Data ("Corporate Defendants") [Doc. # 231].

Subsequently, all parties conferred and on May 19, 2010, Class Counsel filed a revised Short Form Publication Notice, Long Form Notice and revised Settlement Agreement regarding the definition of the proposed class so that the Settlement Agreement is now consistent with the definition in this Court's Order granting class certification [Doc. # 179] and in Plaintiffs' Motion for Preliminary Approval [Doc. # 231]. The Court hereby orders that the revised exhibits [Doc. # 235] are substituted for the original exhibits filed with Plaintiffs' Motion for Preliminary Approval.

Upon consideration and review of the proposed settlement, relevant documents, motion papers, and memoranda, and the parties' presentation, the Court hereby orders:

1. ***Definitions***. The Court, for purposes of this Order, adopts and incorporates herein by reference all defined terms as set forth in the Settlement Agreement.

2. ***Class Certification.*** For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies that this action may proceed for settlement purposes as a class action on behalf of a class consisting of:

> All licensed drivers in the state of Missouri whose highly restricted personal information from their motor vehicle record, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by the Defendants, or any agent, officer, employee or contractor, thereof from July 21, 2004 to present in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et. seq.* Excluded from the Class are (1) any individual defendant; (2) any member of the immediate family of any individual 15 defendant; (3) any officer, agent, or employee of the defendants or family members thereof; (4) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families; (5) the Court presiding over this case; and (6) any personnel of the Court presiding over this case.

3. ***Preliminary Approval.*** Under Rule 23(e) of the Federal Rules of Civil Procedure, a court must approve a settlement of a certified class. The Court may do so only after a hearing and finding that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(c). The Court has authority to perform a preliminary fairness review of a proposed class settlement. *Manual for Complex Litig. (Fourth)* § 21.632 (2004). In doing so, the Court must "make a preliminary determination that the proposed class satisfied the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." *Id.* It must also "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed

settlement, and date of the final fairness hearing." *Id.*

  **4.** ***Rules 23(a) and 23(b).*** The Court finds, based on the terms of the settlement that:

**Rule 23(a)**

  (1) the class is so numerous that joinder of all members is impracticable;

  (2) there are questions of law and fact common to the settlement class;

  (3) the claims of Representative Plaintiffs are typical of the claims of members of the settlement class; and

  (4) Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the settlement class. There are no conflicts of interest between Representative Plaintiffs and members of the settlement class.

**Rule 23(b)**

  While this Court granted class certification under Rule 23(b)(3), the parties are seeking to have the Settlement Class certified and seek approval pursuant to Rule 23(b)(2). Because there is no monetary relief being made available to the class, the parties believe that a b(2), or injunctive relief class, is appropriate.

  Rule 23(b)(2) provides that certification may be appropriate if: The prerequisites of subdivision (a) are satisfied, and in addition . . . the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the class as a whole. Subsection (b)(2) class actions are generally "limited to those class actions seeking primarily injunctive or corresponding declaratory relief." *Barnes v. Am. Tobacco Co.*, 161 F.3d 127 (3d Cir. 1998).

A class certified under Rule 23(b)(2) may recover monetary relief in addition to declaratory and injunctive relief, "at least where the monetary relief does not predominate." *Eubanks v. Billington*, 110 F.3d 87, 92 (D.C. Cir. 1997); *see also* Advisory Comm. Note to Fed. R. Civ. P. 23(b)(2) (noting that 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.").

In the present case, the Corporate Defendants have acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole. In addition, the relief is injunctive consisting of the return of all drivers' data and the removal of all drivers' data from any and all publicly accessible forums. Thus this settlement is particularly well suited for treatment under Rule 23(b)(2).

Accordingly, the Court hereby certifies the settlement class, for settlement purposes only, pursuant to Federal Rule 23(b)(2).

5. ***Class Representatives.*** Plaintiffs Emily Roberts and Sarah Smith are hereby appointed and designated as representatives of the settlement class.

6. ***Class Counsel.*** Ralph K. Phalen, Ralph K. Phalen Attorney at Law; and Mitch

Burgess of Burgess and Lamb P.C., and Don Saxton of the Saxton Law Firm are hereby appointed and designated as counsel for the settlement class.

7. ***Proposed Settlement.*** "A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citations omitted).

The Court finds that the terms of the proposed settlement are fair, reasonable and adequate. The proposed settlement appears to provide a substantial portion of that which Plaintiffs set out to recover on behalf of the Class from the alleged wrongful conduct. The settlement here provides substantial and immediate relief. Its terms provide for the return of all drivers' information and the removal of all such information from the public domain. This return and removal accomplishes the purpose of the DPPA; it protects the private information of Missouri citizens. The Corporate Defendants have also agreed to not seek such information from Missouri again until, and unless, they can comply with the DPPA. Further litigation would be costly and could risk a portion of Plaintiffs' and the Class/Settlement Class' recovery. At this stage, the request for attorneys' fees, costs and expense appears reasonable. The proposed settlement is preliminarily approved.

8. ***Final Fairness Hearing.*** A hearing shall be held in District Courtroom, Federal District Court for the Western District of Missouri, Central Division, Jefferson City, Missouri, before The Honorable Nanette K. Laughrey, 131 West High St., Jefferson City,

MO 65101, on October 28, 2010, at 11:00 AM, to consider whether the proposed settlement should be given final approval. At the hearing, the Court will consider: (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether a final judgment should be entered thereon; (c) whether Class Counsel fairly and adequately protected the interests of the settlement class; and (d) whether Class Counsel's attorneys' fees, costs, expenses, and class representative compensation should be approved by the Court.

    *9.*    ***Notice.*** The Court approves the proposed Notice of Pendency of Class Action, Proposed Settlement, and Hearing. Notice shall be by publication and accomplished as set forth in Plaintiffs' Motion for Preliminary Approval and the Settlement Agreement and shall be accomplished within 30 days from the date of this order. No later than ten (10) days prior to the settlement hearing, Class Counsel shall file with this Court an affidavit or declaration stating that the publication of the notice described in this paragraph has been completed. The Court finds that, under the circumstances, the publication of notice described constitutes the best practical notice of the settlement. The notice does the following: describes the action, claims, issues and defenses; defines the Class; allows for appearance of Class members and objections; notes the hearing date; discusses treatment of attorneys' fees; provides the procedures for objecting to the proposed settlement; and describes the binding effect of a Class judgment. The Court approves the notice as meeting the requirements of Rule 23, constitutes valid, due, and sufficient notice to all members of the settlement class; and complies fully with the requirements of Rule 23, the United States Constitution, the due process rights of the members of the settlement class, and all other applicable law. The

Court authorizes the parties to make minor revision to the Class Notice as they may jointly deem necessary or appropriate, without the necessity of further Court action or approval.

10. ***Objectors.*** Any Class Member who objects to approval of the proposed Settlement in compliance with the requirements of the Agreement, may appear at the final approval hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Any Class Member who does not request exclusion, and who seeks to intervene in the action in compliance with the requirements of the Agreement, may file and serve a motion to intervene in accordance with applicable law.

However, no person (other than representatives of the named parties) may be heard at the final approval hearing, or file papers or briefs, unless on or before the date set forth in the Class Notice, such person files with the Clerk of the Court and serves on Class Counsel and Defendant's Counsel a timely written objection and notice of intent to appear, in accordance with the procedures specified in the Class Notice. Any Class Member who does not make his or her objection to the Settlement or request for intervention in the manner provided herein and in the Agreement and in compliance with applicable law, shall be deemed to have waived such objection or right to intervene for purposes of appeal, collateral attack or otherwise.

11. ***Extension of Deadlines.*** The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the settlement hearing without further notice to the settlement class.

12. ***No Admission of Wrongdoing or Liability.*** By entering into the Settlement

Agreement, the Corporate Defendants have not admitted to any wrongdoing or liability on their part and deny the same. The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that the Corporate Defendants are liable with respect to any claims asserted by Plaintiffs.

13. *Effect of Absence of Final Approval.* In the event that the proposed settlement does not become Final (as that term is defined in the Settlement Agreement) in complete accordance with the terms of the Settlement Agreement for any reason, then this Order shall be rendered null and void and be vacated; the Settlement Agreement shall be rendered null and void in accordance with the Settlement Agreement; and Defendant shall not be deemed, as a result of entering into the Settlement Agreement, to have waived any right to contest or appeal any issue.

14. *Dates of Performance.* The dates of performance of this Order are as follows:

   a. The Class Notice shall be published as set forth in Plaintiffs' Motion for Preliminary Approval and as set forth in accordance with the Settlement Agreement. The parties shall use their best efforts to complete notice within thirty (30) days of the date of this Order;

   b. Objections to the Settlement, requests for intervention and notices of intention to appear at the final approval hearing shall be deemed timely only if filed with the Court and served on Class Counsel no later than sixty (60) days from the date of the publication of Notice;

   c. The Parties shall file and serve papers in support of final approval of the Settlement, responding to any objections or motions to intervene, and

requesting attorneys' fees, costs and expenses within ten (10) days of the Final Approval Hearing.

d. No later than ten (10) business days after publishing Class Notice, Plaintiffs shall certify to the Court that they have complied with the notice requirements set forth in the Agreement and this Order.

e. The final approval hearing shall be held on October 28, 2010, at 11:00 AM, 131 W. High Street, Jefferson City, Missouri.

15. *Conclusion.* Accordingly, it is hereby ORDERED that the Plaintiffs' Motion for Approval of Class Action Settlement is Granted. The proposed notice is approved and the proposed settlement is preliminarily approved.

           s/ Nanette K. Laughrey
           Nanette K. Laughrey
           UNITED STATES DISTRICT JUDGE

DATED: May 28, 2010
Kansas City, Missouri