IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EMILY ROBERTS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No: 08-04167-CV-C-NKL |
| THE SOURCE FOR PUBLIC DATA LP, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND JUDGMENT

Plaintiffs Emily Roberts and Sarah Smith, as class representatives ("Plaintiffs"), sued Defendants The Source for Public Data LP and Shadowsoft Inc.("Corporate Defendants", for alleged violations of the Drivers Privacy Protection Act (DPPA) 18 U.S.C. §§ 2721, *et. seq*. Plaintiffs alleged that the Corporate Defendants had improperly obtained and disclosed highly restricted information, as defined by the DPPA. Before the Court is Plaintiffs' Motion for Order seeking Final Approval of a Class Action Settlement and Award of Attorneys' Fees, Costs and Expenses (Doc. #238). The Court finds and orders as follows:

A.  Settlement

On May 28, 2010, the Court entered an Order [Doc. #236] which certified a Settlement class pursuant to Rule 23, Federal Rules of Civil Procedure, approved the form and method of dissemination of the notice to Settlement Class Members[1], directed appropriate notice to the Settlement Class, and scheduled a hearing to consider final approval of the settlement.

---

[1] Capitalized terms and phrases are defined in the Settlement Agreement,

The form, content, and method of dissemination of the notice given to the Settlement Class was adequate and reasonable and constituted the best notice practicable in the circumstances. The notice as given provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions of the Settlement Agreement, and these proceedings to all persons entitled to such notice, and the notice satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, and due process. There were no objections to the Settlement Agreement.

Pursuant to Rule 23 and the order of preliminary approval, for the purpose of settling the Released Claims against the Corporate Defendants in accordance with the Settlement Agreement, the following persons are members of the Settlement Class:

> All licensed drivers in the state of Missouri whose highly restricted personal information from their motor vehicle record, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by the Defendants, or any agent, officer, employee or contractor, thereof from July 21, 2004 to present in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et. seq.* Excluded from the Class are (1) any individual defendant; (2) any member of the immediate family of any individual 15 defendant; (3) any officer, agent, or employee of the defendants or family members thereof; (4) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families; (5) the Court presiding over this case; and (6) any personnel of the Court presiding over this case.

On \_\_Oct. 6\_\_, 2010, the Court held a hearing to determine whether the settlement described in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class. Review of the submissions presented with respect to the settlement, the record, the evidence presented by the parties, and argument of counsel reveals that the settlement is fair, reasonable, adequate, and in the best interest of the

2

Settlement Class.

The Court has considered the following factors in determining that the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class: "the merits of the plaintiffs case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *See Van Horn v. Trickey,* 840 F.2d 604, 606 (8th Cir.1988) (citation omitted); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922 (8th Cir. 2005). The public interest is also a factor that should be considered in evaluating a class action settlement. *See Angela R. by Hesselbein v. Clinton,* 999 F.2d 320, 324 (8th Cir.1993).

These factors weigh in favor of approving the settlement. While Plaintiffs' case is meritorious, it is threatened by the defenses raised by the Corporate Defendants. The recovery secured for the Settlement Class is substantial — Corporate Defendants are returning or destroying all Drivers License and Motor Vehicle information data received from the State of Missouri and removing it from sale on the Internet. After receiving notice, no Settlement Class Member — or other person — has objected. The public interest is served by the removal of the information and the agreement not to purchase the information again unless an exception to the DPPA can be met. This return of information is consistent with the purpose of the DPPA and its goal of protecting such information. In addition, the procedural status of the case weighs in favor of a finding of fairness: the parties engaged in rigorous motion practice, discovery, and arms-length negotiations. *See generally* Fed. Judicial Ctr., *Manual for Complex Litig.* § 30.42 at 240 (3d. ed.1997).

The Representative Plaintiffs and Co-Lead Class Counsel fairly and adequately

represent the interests of Settlement Class Members in connection with the Settlement Agreement.

The settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class and is **APPROVED**.

The Representative Plaintiffs, Corporate Defendants, and the Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement in its entirety is incorporated by reference into this Order.

The Complaint and all claims alleged in the Litigation against the Corporate Defendants are to be Dismissed with Prejudice by Plaintiffs.

Each "Claim" as defined in the Settlement Agreement of each Settlement Class Member is hereby extinguished as against the Corporate Defendants. The Representative Plaintiffs and each Settlement Class Member shall be deemed conclusively to have compromised, settled, discharged, and released the Claims against the Corporate Defendants upon the terms and conditions provided in the Settlement Agreement.

Settlement Class Members shall be and hereby are permanently barred and enjoined from, either directly or indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, commencing, prosecuting, or participating in any recovery in any action in this forum (other than participation in the settlement as provided herein) in which any of the Claims against Corporate Defendants are asserted.

Corporate Defendants shall be deemed conclusively to have fully, finally, and forever released, relinquished, and discharged the Representative Plaintiffs and the Settlement

Class Members from all claims based upon, or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Claims, except as set forth in the Settlement Agreement.

### B    Attorneys' Fees, Costs & Expenses

The Court has reviewed the Representative Plaintiffs' Motion for an award of attorneys' fees, costs and expenses. Corporate Defendants have agreed to pay a total of $90,000.00 in attorney fees, costs, expenses, class representation compensation, and costs of notice. The Court has considered:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See *United HealthCare Corp. v. American Trade Ins. Co.*, Ltd., 88 F.3d 563, 575 n.9 (8th Cir. 1996) (citation omitted). As demonstrated by the parties' motion practice and the Court's prior Orders in this case, experienced class counsel expended significant time and labor on this novel and undesirable case, and obtained substantial results. Because of the reduction of the total amount paid by Corporate Defendants due to the cost of notice and expenses, attorney fees are less than $65,000.00 and represent only a small portion of the amount of attorney time expended in prosecuting this case. The Court finds, and Corporate Defendants agree, that an award in the amount of $90,000.00 is fair and reasonable. The $90,000.00 shall be paid to Co-Lead Class counsel for the cost of Notice, class representation awards, expenses and attorney fees.

### C.    Conclusion

Without affecting the finality of this judgment in any way, the Court retains jurisdiction over

5

the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement. Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses (Doc. #238) is **GRANTED.**

s/Nanette K. Laughrey  
NANETTE K. LAUGHREY United States District Judge

Dated: 10/12/10

Jefferson City, Missouri